UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID M. TENACE,

           Petitioner,

     V.

DANIEL A. SENKOWSKI,

           Respondent.

**REPORT AND RECOMMENDATION**

03-CV-900
(LEK/VEB)

---

## I. INTRODUCTION

Petitioner David Tenace, acting *pro se*, commenced this action seeking habeas corpus relief under 28 U.S.C. § 2254. Petitioner is an inmate at the Hale Creek Correctional Facility. In 2002, he entered a plea of guilty in a New York State court to the crime of Criminal Possession of Stolen Property and was sentenced to a term of imprisonment. Petitioner contends that his conviction was imposed in violation of his constitutional rights and should therefore be vacated.

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and is presently before this Court for a report and recommendation. (Docket No. 23).

## II. BACKGROUND

**A.**    **Facts**

In January of 2002, Petitioner was arrested in the City of Schenectady, New York

in possession of a stolen vehicle. (R at 1).[1]  Thereafter, a felony complaint was filed, charging him with Criminal Possession of Stolen Property in the Fourth Degree, in violation of New York Penal Law ("NYPL") § 165.45(5). (R at 1).

At that time, Petitioner had already entered a plea of guilty to a felony charge of Burglary in the Second Degree in an unrelated case. (R at 8-9). In order to resolve all of his open felony cases, Petitioner agreed to plead guilty to the charge of Criminal Possession of Stolen Property. He therefore waived his right to indictment by a Grand Jury under New York law and waived his right to appeal in exchange for an indeterminate sentence of two to four years to run consecutive with his sentence in the unrelated burglary case. (R at 8-9). Specifically, in Petitioner's waiver of indictment ("WOI") he agreed to prosecution by Superior Court Information ("SCI") and waived his right to appeal in both State and Federal courts. (R at 2-6).

On March 14, 2002, Petitioner, represented by Benjamin A. Shaw, Esq., entered a plea of guilty before the Honorable Barry D. Kramer, Schenectady County Court Judge. (R at 19-21). On May 8, 2002, Petitioner was sentenced to a term of two to four years for his conviction of Criminal Possession of Stolen Property, to run consecutive to his seven year determinate sentence for his conviction for Burglary. (R at 33-39).

**B.    State Appellate Proceedings**

Thereafter, Petitioner, proceeding *pro se*, filed a Notice of Motion pursuant to CPL § 440.10 seeking to vacate his conviction. Petitioner's motion stemmed from a discrepancy

---

[1] References preceded by "R" are to the pages of the state court records.

in the WOI. Specifically, the WOI referenced NYPL § 165.45(1) as the crime charged instead of the actual crime, which was charged under § 165.45(5). Petitioner asserted four arguments in support of his motion: (1) that his WOI was jurisdictionally ineffective because of this error as it failed to comply with the mandates of CPL §§ 195.10 and 195.20; (2) that he was not held for action of the grand jury upon the offense named in the naming clause of the WOI and was therefore deprived of his New York State Constitutional rights; (3) that the naming clause of the waiver did not name an offense which was held over for grand jury; and (4) that the SCI, which did not contain the subsection error, was defective for failing to charge an offense named in the naming clause of the WOI.

On February 28, 2003, Judge Kramer heard oral argument with respect to Petitioner's motion. By order dated July 8, 2003, the trial court denied Petitioner's motion, stating that the reference to § 165.45(1) in the WOI, rather than § 165.45(5), which Petitioner was charged with, plead guilty to, and was sentenced for, was nothing more than a "typographical error." (R at 111). Judge Kramer found that the issue was non-jurisdictional and that Petitioner was not prejudiced as he was actively involved in his defense and knowingly waived his right to indictment. (R at 110).

Petitioner then made application to the Appellate Division, Third Department for leave to appeal the trial court's denial of his CPL 440 motion. On May 1, 2003, the Appellate Division denied Petitioner's application. (R at 133). Petitioner's application for leave to appeal to the Court of Appeals was denied on July 8, 2003. (R at 144).

**D. Federal Habeas Corpus Proceedings**

3

Petitioner, proceeding *pro se*, commenced this action on July 18, 2003, by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Docket No. 1). Petitioner asserts four grounds stemming from the error in the WOI in support of his Petition: (1) that the trial court lacked jurisdiction to prosecute him as a result of the error in the WOI; (2) that because of the error in the WOI, his conviction was obtained in violation of State and Federal Guarantees of Due Process as it was not held over for grand jury action; (3) that his conviction was obtained in violation of his rights under the equal protection clause of State and Federal Constitutions; and (4) that his New York State right to be prosecuted upon presentation to a grand jury was violated.  On  November 3, 2003, Respondent filed submissions in opposition.  (Docket No. 7, 8).  Petitioner filed a Traverse on January 22, 2004.  (Docket No. 10).

For the reasons that follow, the Court recommends that the Petition be DENIED.

### III. DISCUSSION

**A.     Federal Habeas Corpus Standard**

Federal habeas corpus review of a state court conviction is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under  AEDPA, federal courts must give substantial deference to a state court determination that has adjudicated a federal constitutional claim "on the merits."  28 U.S.C. § 2254(d); Sellan v. Kuhlman, 261 F.3d 303, 309-10 (2d Cir. 2001).  The Second Circuit has stated that an "adjudication on the merits" is a "substantive, rather than a procedural,

resolution of a federal claim." Sellan, 261 F.3d at 313 (quotation omitted). The Second Circuit has also held that even a one-word denial of a petitioner's claim is sufficient to constitute an "adjudication on the merits" for purposes of AEDPA. Id. at 312-313.

Specifically, AEDPA requires that where a state court has adjudicated the merits of a Petitioner's federal claim, habeas corpus relief may not be granted unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

While both AEDPA and its predecessor statute recognize that a presumption of correctness shall apply to state court findings of fact, Whitaker v. Meachum, 123 F.3d 714, 715 n. 1 (2d Cir. 1997), AEDPA also requires a Petitioner to rebut that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); LanFranco v. Murray, 313 F.3d 112, 117 (2d Cir. 2002). A presumption of correctness applies to findings by both state trial and appellate courts. Galarza v. Keane, 252 F.3d 630, 635 (2d Cir. 2001); Whitaker, 123 F.3d at 715 n.1.

In Williams v. Taylor, 529 U.S. 362, 413 (2000), the Supreme Court defined the phrases "contrary to" and "unreasonable application of" clearly established federal law. A state court decision is "contrary to clearly established federal law . . . if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially

5

indistinguishable facts." Id.

A state court decision involves "an unreasonable application of" Supreme Court case law if it "identifies the correct governing legal principle from [the Court's] decisions but unreasonably applies that principle to the particular facts of [a] prisoner's case." Id.

Under this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. In order to grant the writ there must be "some increment of incorrectness beyond error," although "the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

**B.     Petitioner's Claims**

As set forth above, Petitioner asserts four (4) claims for habeas relief, all of which arise from what appears to be a clerical error contained in the Waiver of Indictment ("WOI") Petitioner executed before the trial court. Respondent argues that Petitioner has waived his right to habeas corpus review, that he has failed to exhaust his remedies, and that his claims are not cognizable on habeas review.

It is well-settled that "[a] defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea." United States v. Coffin, 76 F.3d 494, 497 (2d Cir.), cert. denied, 517 U.S. 1147, 116 S.Ct. 1445, 134 L.Ed.2d 565 (1996). Rather, " '[h]e may only

attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutionally acceptable] standards.' " Id. (quoting Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)). In other words, "the issue [is] not the merits of these [independent] claims as such, but rather whether the guilty plea had been made intelligently and voluntarily with the advice of competent counsel." Id. at 265, 93 S.Ct. 1602.

It should be noted at the outset that Petitioner, who was represented by counsel in connection with the guilty plea, has never asserted that his plea was involuntary or without knowledge of its nature. Moreover, Petitioner did not argue in the state court, and does not argue now, that he failed to receive the effective assistance of counsel with regard to his decision to plead guilty.

Instead, Petitioner's claim seeks relief based on a clerical error in the WOI and an alleged deprivation of state constitutional rights stemming from that error, both of which occurred before the entry of Petitioner's guilty plea. Although the Petition generally alleges federal constitutional violations, Petitioner offers no factual support to state a valid federal claim. Therefore, as set forth below, Petitioner's claim is simply not cognizable on federal habeas review. See Tollett, 411 U.S. at 267, 93 S.Ct. 1602.

In addition, although Petitioner alleges violations of his right to be indicted by a grand jury, there is no federal right to be indicted by a grand jury on a state felony. United States v. Thompson, 144 F.2d 604, 605-606 (2d Cir.), cert. denied, 323 U.S. 790 (1944); Jones v. Keane, 250 F.Supp.2d 217, 234 (W.D.N.Y. 2002).

The requirements of due process are satisfied when, as in the present case, the "defendant receives actual notice of the charges against him, even if the indictment or

7

information is deficient." Hulstine v. Morris, 819 F.2d 861, 863-64 (8th Cir.1987) (concluding that defective indictment did not violate defendant's Sixth Amendment right because defendant was made fully aware of charges and potential punishment during guilty plea proceedings); Fawcett v. Bablitch, 962 F.2d 617, 618 (7th Cir.1992) (concluding that defective state charging document does not violate due process unless "inadequate notice [leads] to a trial with an unacceptable risk of convicting the innocent")); see also, e.g., Chandler v. Moscicki, 253 F. Supp.2d 478, 486-87 (W.D.N.Y.2003) (citing Hulstine with approval).

In this case, the Superior Court Information ("SCI") was substituted for an indictment under New York law. CPL § 200.15. Although the WOI contained an error as to the particular subsection of the Penal Law that Petitioner was charged with, Petitioner does not dispute that the SCI referenced the correct section of the Penal Law of the crime he was charged with and to which he ultimately pleaded guilty. Further, the SCI clearly described the nature and factual basis of the charges against Petitioner. (R at 5). Accordingly, Petitioner had sufficient notice of the crime he was charged with, as required for due process

Moreover, even assuming *arguendo* that the Petition was liberally construed as raising a challenge as to whether Petitioner's plea was knowing and voluntary, such a claim would fail. Due process requires that a plea of guilty be knowingly and voluntarily entered. Boykin v. Alabama, 395 U.S. 238, 242-43, & n. 5, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Meachem v. Keane, 899 F.Supp. 1130, 1139 (S.D.N.Y.1995).

"A plea is made knowing[ly] when made 'with [an] understanding of the nature of the charge and the consequences of the plea.' " Sims v. Ricks, 2002 WL 1808207, at *3

(S.D.N.Y. Aug.6, 2002)( quoting Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)). "'[T]he standard for determining the validity of guilty pleas [is] whether the plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant.'" Ventura v. Meachum, 957 F.2d 1048, 1058 (2d Cir.1992).

"In this regard, the trial court judge is charged with making a searching inquiry into the circumstances surrounding the plea in order to determine whether the defendant does actually understand the significance and consequences of a particular decision." Hutchings v. Herbert, 260 F. Supp.2d 571, 579 (W.D.N.Y. 2003) (citing Boykin v. Alabama, 395 U.S. 238, 243-44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Godinez v. Moran, 509 U.S. 389, 401, n. 12, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993)).

In the present case, before Petitioner entered a plea of guilty, the trial court reviewed the charges, Petitioner indicated that he understood them, and that he understood his rights. He then proceeded to plead guilty. (R at 14-22). Petitioner also admitted that at the time of his arrest, he was sitting in the driver's seat of a vehicle that he knew was stolen. (R at 20-21).

Lastly, Petitioner has not shown any prejudice as a result of what was obviously a typographical or clerical error on the WOI, nor has he alleged or shown any violation of his federal constitutional rights that would be cognizable on habeas review. In fact, in cases where, as here, the petitioner "admitted to all of the factual elements of the charge against him by entering a plea of guilty, any error in the proceeding which led to his indictment is rendered harmless and is not amenable to habeas review." Hutchings, 260 F. Supp.2d at 578; see also Lloyd v. Walker, 771 F. Supp. 570, 575 -576 (E.D.N.Y.1991) ("It is well-settled that a defendant's properly counselled [*sic*] and entered plea of guilty admits

all of the elements of a formal criminal charge and waives a multitude of federal constitutional rights . . . .")

Accordingly, Petitioner's claims for habeas relief are meritless and should be DENIED.

## IV. CONCLUSION

For the reasons stated above, the Court recommends David Tenace's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied, and that his petition be dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that no certificate of appealability issue. See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

DATED:   September 11, 2007

Syracuse, New York

Victor E. Bianchini
United States Magistrate Judge

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.[2]

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1©.**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc.

---

[2] According to the New York State Department of Correctional Services' official website, Petitioner is presently incarcerated in the Hale Creek Correctional Facility, therefore, the correct Respondent is Hazel Lewis, the Superintendent of the Hale Creek Correctional Facility. 28 U.S.C. § 2243. In light of Petitioner's *pro se* status, the fact that this will not prejudice Respondent, and in the interests of court efficiency, this Court will deem the Petition amended to change the name of Respondent to Hazel Lewis.
The Clerk of the Court is directed to terminate Daniel Senkowski as Respondent, add Hazel Lewis, Superintendent of the Hale Creek Correctional Facility, as the new Respondent, and revise the caption of this case accordingly.

<u>v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

September 11, 2007

_____
Victor E. Bianchini
United States Magistrate Judge